IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID DWAIN RENLY,

                                            OPINION AND ORDER

               Plaintiff,

                                            13-cv-242-bbc

       v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff David Renley is seeking review of a final decision by defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying his claims for disability benefits and supplemental security income under the Social Security Act.  42 U.S.C. § 405(g).  The administrative law judge who decided the case concluded that although plaintiff suffered from the severe impairments of headaches, affective disorders and shoulder pain, he retained the residual functional capacity to perform medium work limited to routine and repetitive tasks that do not require more than occasional public contact or more than occasional contact with coworkers.  Plaintiff contends that the administrative law judge did not account for plaintiff's limitations in concentration, persistence and pace in his residual functional capacity finding or in the hypothetical presented to the vocational expert.  Because I find that the administrative law judge did account for plaintiff's specific mental limitations in determining that he is capable of limited, medium work, I am affirming the decision.

1

OPINION

Plaintiff's sole argument in this appeal is that the administrative law judge erred by finding that plaintiff suffered from moderate limitations in concentration, persistence or pace, AR 23, but failing to incorporate that finding into his residual functional capacity assessment or the limitations he gave to the vocational expert to determine what jobs plaintiff could perform.  The administrative law judge adopted the opinions of the state agency psychologists, Dr. Deborah Pape and Dr. Kyla King, who both determined that although plaintiff had moderate limitations in concentration, persistence or pace, he was still capable of performing the demands of unskilled work.  AR 392-94, 470.  Relying on those opinions, he limited plaintiff to "routine and repetitive tasks that do not require more than occasional public contact or more than occasional contact with coworkers," AR 24, and posed the following hypothetical to the vocational expert:

> Assume that this person can only do what I would describe as routine and repetitive tasks. And by this, I mean tasks that may have several steps, but the steps are not hard to remember or complicated, and they don't include a lot of involved written or oral instructions. And also, please assume this person cannot do tasks requiring more than occasional public contact, either by telephone or in person, or more than occasional interactions with coworkers. Meaning that coworkers might be present, but the person doesn't have to interact with them on more than an occasional basis.

AR 101.  The vocational expert testified that such an individual could work as a laundry worker and in a cleaning and janitorial position.  AR 102.  In an alternative hypothetical, the administrative law judge asked whether the individual could perform these jobs if, in addition, he could not "do tasks that have a strong production pace element."  AR 28, 102-03.  The vocational expert testified that the number of laundry jobs would be reduced by a

third but that such an individual could also work as a groundskeeper, a job that existed in large numbers (7,000 jobs in the regional economy).  AR 103.

Plaintiff argues that the terminology used by the administrative law judge does not "encapsulate his limitations."  Citing various cases from courts in the Seventh Circuit, he contends that general terms like "routine and repetitive tasks" do not account adequately for mental, nonexertional restrictions in concentration, persistence or pace.  For example, in Craft v. Astrue, 539 F.3d 668, 677 (7th Cir. 2008), the administrative law judge had limited the claimant to unskilled work, but the court of appeals noted that the term was unhelpful because it was impossible to discern whether he believed the claimant had the abilities associated with unskilled work.  Similarly, in Young v. Barnhart, 362 F.3d 995, 1003-04 (7th Cir. 2004), the court of appeals held that the term "simple, routine, repetitive, low stress work" was not an apt substitute for specific findings about the claimant's abilities where the claimant suffered from a large number of social and temperamental impairments.

Plaintiff also is correct that in O'Connor-Spinner v. Astrue, 627 F.3d 614, 620-21 (7th Cir. 2010), the court of appeals stated that, "for most cases, the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the [vocational expert's] attention on these limitations and assure reviewing courts that the [vocational expert's] testimony constitutes substantial evidence of the jobs a claimant can do."  Relevant to this case, the court stated that, "[i]n most cases . . . employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the [vocational expert's] consideration those positions that present significant problems of

3

concentration, persistence and pace." Id. at 620.  However, the court also emphasized that "[w]e have not insisted . . . on a per se requirement that this specific terminology ('concentration, persistence and pace') be used in the hypothetical in all cases." Id. at 619.  For example, an administrative law judge need not use those terms when it is "manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." Id.  In other words, the lesson from O'Connor-Spinner is not that the administrative law judge must use a particular "magic language" when setting forth the plaintiff's residual functional capacity, but rather that the language he uses must reflect all of the limitations that the plaintiff has.  Id. (administrative law judge must "ensure that the [vocational expert] is apprised fully of the claimant's limitations").

In this case, plaintiff has not shown that the limitations identified by the administrative law judge were incomplete.  Although the administrative law judge found that plaintiff has moderate limitations in concentration, persistence or pace, AR 23, his decision is best read as stating that he found those limitations *because* of his belief that plaintiff was limited to performing routine and repetitive tasks.  He wrote:

> [T]here is nothing in the medical records to suggest that Mr. Renly cannot maintain appropriate tasks [sic] persistence or pace, provided the tasks in question are routine and repetitive in nature and do not involve frequent contact with the public or co-workers.

AR 23.

The administrative law judge appropriately accounted for plaintiff's limitations by finding in his residual functional capacity assessment and stating in his hypothetical to the

4

vocational expert that plaintiff could perform only "routine and repetitive tasks that do not require more than occasional public contact or more than occasional contact with coworkers." Thus, the administrative law judge did not fail to specify plaintiff's limitations as in <u>Craft</u>, <u>Young</u> or <u>O'Connor-Spinner</u> and his hypothetical did not mislead the vocational expert about the nature of the tasks that plaintiff could perform.

Finally, although plaintiff generally criticizes the administrative law judge's statement that the medical records do not suggest that plaintiff cannot maintain appropriate persistence or pace, plaintiff does not point to any medical evidence that suggests greater or different limitations. (In his reply brief, plaintiff provides a more detailed analysis of the state agency reports and challenges their findings and the administrative law judge's reliance on them. I have not considered these arguments because issues raised for first time on reply are considered waived. <u>Casna v. City of Loves Park</u>, 574 F.3d 420, 427 (7th Cir. 2009).) In summary, I conclude that plaintiff has failed to show that the administrative law judge erred in deciding his case.

ORDER

IT IS ORDERED that plaintiff David Renley's motion for summary judgment is DENIED and the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social

Security, is AFFIRMED.  The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 6th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge